JS - 6

O

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW IMAGE PAINTING, INC., <br> Plaintiff, <br> v. <br> HOME DEPOT U.S.A., INC., <br> Defendants. | CASE NO. SACV 09-1224 AG (RNBx) <br><br> ORDER GRANTING DEFENDANT'S MOTION TO DISMISS UNDER RULE 12(b)(3) |

This case involves a contract dispute between Plaintiff New Image Painting, Inc. ("New Image") and Defendant Home Depot U.S.A., Inc. ("Defendant"). Plaintiff filed its Complaint in Orange County Superior Court, and Defendant removed the case to this Court. Defendant now brings a Motion to dismiss for improper venue under Rule 12(b)(3) or, in the alternative, to transfer to the Northern District of Georgia under 28 U.S.C. § 1404 or § 1406 ("Motion"). After considering all papers and arguments submitted, the Motion to Dismiss is GRANTED.

**BACKGROUND**

The following facts are taken from Plaintiff's Complaint and documents the Plaintiff refers to in its Complaint, and for purposes of this Motion, the Court takes them to be true.

1  In 2004, Plaintiff and Defendant entered into a written Service Provider Agreement
2  ("SPA") where Defendant "agreed to use [Plaintiff] as an independent contractor to provide
3  interior and exterior primer, paint, stain, and waterproofing services to customers of Home
4  Depot." (Compl. ¶ 10.) Paragraph 14.3 of the SPA is a choice of forum provision that reads:
5  "[L]egal or equitable actions arising out of, or relating to, this SPA or the breach thereof shall be
6  exclusively brought in either the Superior Court of Cobb County, Georgia, or the United States
7  District Court for the Northern District of Georgia, Atlanta Division." (Declaration of Hector
8  Padilla ("Padilla Decl."), Exh. 1, ¶ 14.3.) Paragraph 14.5 of the SPA is an attorney fee clause
9  that would award attorney fees to Defendant if Defendant prevails "in any legal or equitable
10 action brought under [the SPA]." (Padilla Decl., Exh. 1, ¶ 14.3.) There is no reciprocal right to
11 fees for Plaintiff.
12  From 2005 to 2006, the parties orally renegotiated many of the terms of the SPA.
13 (Compl. ¶¶ 19-23.) Plaintiff alleges that Defendant breached material terms of the oral
14 agreement. (Compl. ¶ 36.) Plaintiff also alleges that Defendant knowingly made numerous
15 misrepresentations, broke numerous promises, and omitted material facts throughout the course
16 of the relationship. (Compl. ¶¶ 38-40.) Based on these facts and others, Plaintiff filed its
17 Complaint, in Orange County Superior Court, for breach of oral contract, fraud, and negligent
18 misrepresentation. Defendant removed the case to this Court, and now moves to dismiss, or in
19 the alternative to transfer to the Northern District of Georgia, based on the forum selection
20 clause in the SPA.

21
22 **PRELIMINARY MATTERS**
23
24  Plaintiff filed a request for judicial notice, asking the Court to take judicial notice of the
25 following three documents: (1) Declaration of Melanie Graham in support of Defendant's Notice
26 of Removal; (2) Declaration of Kimberly Symons in support of Defendant's Notice of Removal;
27 and (3) Declaration of David B. Richa in support of Defendant's Notice of Removal. Under
28 Federal Rule of Evidence 201, "[a] judicially noticed fact must be one not subject to reasonable

1  dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court
2  or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot
3  reasonably be questioned." The Court finds that these three documents meet the requirements of
4  Rule 201, and Plaintiff's request for judicial notice is GRANTED.

5  Plaintiff also filed numerous objections to evidence submitted in support of Defendant's
6  Motion. Many of these objections are to copies of emails attached to Defendant's declarations.
7  These objections are based on the "Best Evidence Rule," Federal Rule of Evidence 1002. It is
8  unclear whether Plaintiff objects to the witness description of exhibits in the declaration, or
9  whether Plaintiff objects to the copies of the emails. Regardless, the objections are
10 OVERRULED. The declarants' descriptions of the emails are provided to give the Court a
11 context for the emails, and the descriptions are based on personal knowledge of the declarants.
12 The Best Evidence Rule does not prohibit a witness from testifying about what the witness did,
13 saw, or heard, even if those facts are also embodied in a writing. *U.S. v. Bennett*, 363 F.3d 947,
14 953 (9th Cir. 2004). Further, to the extent that Plaintiff objects to the actual email itself, a
15 duplicate of a document is admissible to the same extent as the original unless "(1) a genuine
16 question is raised as to the authenticity of the original or (2) in the circumstances it would be
17 unfair to admit the duplicate in lieu of the original." Fed. R. Evid. 1003. Here, Plaintiff has not
18 raised a question as to the authenticity of the original emails, and the Court does not find that it
19 would be unfair to admit the duplicate copies of the emails. Accordingly, the objections based
20 on the Best Evidence Rule are OVERRULED. The Court's analysis does not rely on the
21 remainder of the evidence under objection, so the remaining objections are OVERRULED as
22 moot.

23

24 **LEGAL STANDARD**

25

26 A motion to dismiss based on a forum selection clause may properly be treated as a
27 motion to dismiss for improper venue under Rule 12(b)(3). *Argueta v. Banco Mexicano, S.A.*, 87
28 F.3d 320, 324 (9th Cir. 1996). In considering such a motion, district courts may "consider facts

1  outside of the pleadings." *Id.* The court must draw all reasonable inferences and resolve all
2  factual conflicts in favor of the non-moving party. *See Murphy v. Schneider Nat'l, Inc.*, 362 F.3d
3  1133, 1138 (9th Cir. 2004). In deciding a Rule 12(b)(3) motion, district courts have the
4  discretion to dismiss the case. *See* 28 U.S.C. § 1406(a).
5        Federal law applies here to the interpretation of the forum selection clause.
6  *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). "Forum
7  selection clauses are prima facie valid, and are enforceable absent a strong showing by the party
8  opposing the clause 'that enforcement would be unreasonable or unjust, or that the clause [is]
9  invalid for such reasons as fraud or overreaching.'" *Id.* at 514 (quoting *Bremen v. Zapata
10 Off-Shore Co.*, 407 U.S. 1, 15 (1972)) (modification in original).

12 **ANALYSIS**

14       The Court finds that dismissal under Rule 12(b)(3) is appropriate here. In *Pelleport
15 Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273 (9th Cir. 1984), the Ninth Circuit
16 held that:

18       Absent some evidence submitted by the party opposing enforcement
19       of [a forum selection] clause to establish fraud, undue influence,
20       overweening bargaining power, or such serious inconvenience in
21       litigating in the selected forum so as to deprive that party of a
22       meaningful day in court, the provision should be respected as the
23       expressed intent of the parties.

25 *Id.* at 280.
26       Here, the forum selection clause in the SPA states in plain language that "legal or
27 equitable actions arising out of, or relating to, this SPA or the breach thereof *shall be exclusively*
28 brought in either the Superior Court of Cobb County, Georgia, or the United States District

1  Court for the Northern District of Georgia, Atlanta Division." (Padilla Decl., Exh. 1, ¶ 14.3
2  (emphasis added).) The parties' use of the words "exclusive" and "shall" shows the parties'
3  intent to make the forum selection clause mandatory rather than permissive. *See Docksider, Ltd.*
4  *v. Sea Tech., Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989) (affirming Rule 12(b)(3) dismissal).
5  Plaintiff does not argue "fraud, undue influence, overweening bargaining power," or
6  inconvenience that would deprive Plaintiff of "a meaningful day in court." *Pelleport*, 741 F.2d
7  at 280. Instead, Plaintiff points to the attorney fees clause in Paragraph 14.5 of the SPA, and
8  argues that "enforcing the forum selection clause would violate California's strong public policy
9  against unilateral attorney fee clauses." (Opp'n 15:8-10 (emphasis removed).)

10  But Plaintiff confuses choice of law issues with enforcement of forum selection clauses.
11  Plaintiff cites *ABF Capital Corp. v. Grove Properties Co.*, 126 Cal. App. 4th 204, 220 (2005),
12  and *Ribbens International, S.A. v. Transport International Pool, Inc.*, 47 F. Supp. 2d 1117, 1121
13  (C.D. Cal. 1999), for the premise that a unilateral attorney fees clause is against public policy, so
14  under California choice of law rules, a forum selection clause should not be enforced when there
15  is also a unilateral attorney fees clause. But Plaintiff fails to recognize that both of these cases
16  deal only with choice of law clauses, and neither of these cases involves a forum selection
17  clause. *ABF Capital*, 126 Cal. App. 4th at 220; *Ribbens*, 47 F. Supp. 2d at 1121. As noted
18  earlier, federal law applies here to the interpretation of the forum selection clause.
19  *Manetti-Farrow,* 858 F.2d at 513. Unlike the analysis for a choice of law provision that centers
20  on whether the chosen law contravenes a forum's public policy, the analysis for a forum
21  selection clause centers on whether the party opposing enforcement of the clause has made a
22  "strong showing . . . 'that enforcement would be unreasonable or unjust, or that the clause [is]
23  invalid for such reasons as fraud or overreaching.'" *Id*. at 514 (quoting *Bremen*, 407 U.S. at 15)
24  (modification in original). Because Plaintiff has not made such a showing, the Court finds that
25  the forum selection clause in the SPA is a valid, enforceable forum selection clause under federal
26  law. *See Swenson v. T-Mobile United States, Inc.*, 415 F. Supp. 2d 1101, 1104 (S.D. Cal. 2006)
27  (holding that the plaintiff was "cleverly, but impermissibly, combining the forum selection and
28  choice of law analyses [by arguing] that enforcement of the forum selection clause results in the

1  application of a Washington law violative of California public policy.").

2        Plaintiff also argues that if the clause is enforceable, it should not be applied here because
3  the SPA was superseded by an alleged oral agreement. Plaintiff alleges, and the Court accepts as
4  true for the purposes of this Motion, that the following changes to the SPA were made by oral
5  modification: (1) the exclusive sales and affiliate model was changed to a non-exclusive
6  independent contractor model; (2) Defendant agreed to provide additional marketing support; (3)
7  garage floor coating was added to the other services being provided by Plaintiff; and (4)
8  additional market areas were added. Plaintiff argues that these changes resulted in the creation
9  of a new and superseding oral agreement, and that SPA, including the forum selection clause, is
10 no longer in effect. But for the oral agreement to supersede the written agreement, there must be
11 a novation, and Plaintiffs fail to provide sufficient evidence to show that a novation happened
12 here.

13       Under California law, to make a novation by an oral agreement, the parties must intend
14 that the oral agreement to completely replace and extinguish the written agreement. Cal. Civ.
15 Code §§ 1530, 1531; *Wells Fargo Bank, N.A. v. Bank of America N.T. & S.A.*, 32 Cal. App. 4th
16 424, 432 (1995); *Eluschuk v. Chemical Engineers Termite Control, Inc.*, 246 Cal. App. 2d 463,
17 468 (1966)) ("The intention to discharge the old contract must be clearly indicated."). Likewise,
18 under Georgia law, a novation requires "a mutual intention by the parties to substitute the new
19 contract for the old one." *Pritchett v. Afzal*, 293 Ga. App. 302, 304 (2008). Plaintiff fails to
20 provide sufficient evidence for the Court to make a reasonable inference that both parties
21 intended the alleged oral modifications to replace the SPA completely. In fact, Plaintiff's own
22 evidence suggests that Plaintiff believed the SPA was in effect as late as November 26, 2008.
23 According to Plaintiff's Complaint, the alleged oral agreement started in 2005. But on
24 November 26, 2008, Plaintiff sent a letter to Defendant responding to Defendant's letter that
25 informed Plaintiff that Defendant was terminating the relationship "pursuant to the terms of the
26 [SPA]." (Reid Decl., Exh. H ("November 26, 2008 Letter").) In the November 26, 2008 Letter,
27 Plaintiff quoted Defendant's reference to the terms of the SPA, but did not refute the existence
28 of the SPA. (*Id.*) Likewise, on October 9, 2008, Plaintiff asked Defendant to increase Plaintiff's

1  compensation from 87%, the same rate listed in a September 19, 2009, written amendment to the
2  SPA.  (Wolfe Decl., Exh. 1.)  These facts lead to an inference that the parties intended to keep at
3  least some of the material terms from the SPA.  Because Plaintiff repeatedly refers to material
4  terms of the SPA, the Court finds that Plaintiff has not made a sufficient showing that the both
5  parties intended the alleged oral modifications to completely discharge the SPA.  Further,
6  Plaintiff does not allege that the parties orally modified the forum-selection clause, so Plaintiff
7  has not offered sufficient evidence for the Court to make a reasonable inference that the forum
8  selection clause in the SPA was superseded by any alleged oral agreement or modification.
9      The Court finds that the forum selection clause is valid, and GRANTS Defendant's
10 Motion to Dismiss based on inappropriate venue.

**DISPOSITION**

    Defendant's Motion to dismiss for improper venue under 12(b)(3) is GRANTED, and the
Motion to transfer is DENIED as moot.  The case is DISMISSED without prejudice to filing the
complaint in an appropriate venue.

IT IS SO ORDERED.
DATED: December 7, 2009

_____
Andrew J. Guilford
United States District Judge